Opinion by Ekwall, J. It was stipulated that the issue herein is the same in all material respects as that presented in *The Otto Gerdau Co.* v. *United States* (21 Cust. Ct. 24, C. D. 1120), and *Mamary Bros., Inc.* v. *United States* (id. 135, C. D. 1142). In accordance therewith it was held that the currency of the invoice should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on the entry. The protest was sustained to this extent.

**No. 53272.**—Hochschild Kohn & Company v. United States, protest 53257–K (Baltimore).

Opinion by Ekwall, J. It was stipulated that the issue herein is the same in all material respects as that presented in *Mamary Bros., Inc.* v. *United States* (21 Cust. Ct. 135, C. D. 1142). In accordance therewith it was held that the currency of the invoice should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on entry 3574. The protest was sustained to this extent.

**No. 53273.**—Saks & Company et al. v. United States, protests 55029–K, etc. (New York).

Opinion by Ekwall, J. It was stipulated that the issue herein is the same in all material respects as that presented in *Mamary Bros., Inc.* v. *United States* (21 Cust. Ct. 135, C. D. 1142). In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

**No. 53274.**—D. Hecht & Company v. United States, protest 58951–K (San Francisco).

Opinion by Ekwall, J. It was stipulated that the issue herein is the same in all material respects as that presented in *Mamary Bros., Inc.* v. *United States* (21 Cust. Ct. 135, C. D. 1142). In accordance therewith it was held that the currency of the invoice should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on the entry. The protest was sustained to this extent.